NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 19, 2013
Decided January 22, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 13-1394 | Appeal from the United States District Court for the |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Northern District of Illinois, Western Division. |
| *v.* | No. 11 CR 50078 |
| JAMES PANTAZELOS, *Defendant-Appellant.* | Philip G. Reinhard, *Judge.* |

**O R D E R**

James Pantazelos pleaded guilty to mail fraud and now appeals his 114-month sentence, arguing that his criminal-history score overstated the significance of his criminal history. We affirm.

From 2007 through 2010, Pantazelos operated a Ponzi scheme through Destiny's Partners, Inc. He acted as Destiny's Partners' putative owner and CEO, soliciting investors by promising investment security and outlandish rates of return. Some of the money invested in Destiny's Partners was used to make payments to earlier investors,

but Pantazelos spent the vast majority of it on personal expenses. Of the approximately $4.3 million invested in Pantazelos's scheme, less than $900,000 was returned to investors.

In the presentence report, the probation officer placed Pantazelos within criminal-history category III, assessing two points for Pantazelos's two convictions in February and March of 2008 for driving on a suspended license, *see* U.S.S.G. § 4A1.1(c), and adding two more points because Pantazelos committed the mail-fraud offense while under court supervision for the second of these convictions, *see id.* § 4A1.1(d). Pantazelos conceded that this was the correct criminal-history calculation, but he requested a "significant downward variance," arguing that his criminal-history score substantially overstated the significance of his criminal record and exaggerated his likelihood of recidivism. *See id.* § 4A1.3(b). Pantazelos suggested that criminal-history category I more appropriately reflected his criminal background because he had committed nonviolent offenses and had no history of incarceration. The government argued against a downward variance because Pantazelos's crimes demonstrated repeated disregard for the law.

The district court agreed with the government. Citing our decision in *United States v. Martinez*, 650 F.3d 667 (7th Cir. 2011), the district court first stated that driving on a suspended license was "not a minor crime." The judge also noted that Pantazelos was a repeat offender—he was arrested three times in less than a year and was convicted twice. The judge concluded that Pantazelos had "snubbed his nose" at the law and now "must suffer the consequences." The judge rejected the argument for a downward variance and imposed a sentence of 114 months' imprisonment, in the middle of the advisory guidelines range of 97 to 121 months.

On appeal Pantazelos argues that his sentence is unreasonable, renewing his claim that his criminal-history score overstates the significance of his criminal history and the possibility that he will recidivate. *See United States v. Jackson*, 547 F.3d 786, 793 (7th Cir. 2008). Our standard of review is deferential; we will reverse only if the district court abused its discretion. *United States v. Nicksion*, 628 F.3d 368, 378 (7th Cir. 2010).

Pantazelos first asserts that the district judge misread *Martinez* as *requiring* a conclusion that driving on a suspended license is a serious offense and thus did not properly exercise his discretion at all. *See Martinez*, 650 F.3d at 672 (holding that it was not an abuse of discretion for a district court to find that driving on a suspended license was not a minor crime). Nothing in the judge's remarks suggests that he thought he was

boxed in by *Martinez*. Rather, the judge meaningfully considered defense counsel's argument about Pantazelos's criminal history but "merely reached a conclusion different than the one for which [Pantazelos] had hoped." *United States v. Coopman*, 602 F.3d 814, 818 (7th Cir. 2010). The judge explained why he took the driving offenses seriously, a conclusion he simply buttressed with *Martinez*.

More specifically, the judge noted that Pantazelos had been arrested for driving while suspended three times, in relatively quick succession, and was convicted twice. The judge concluded that this history—the repeated commission of the same crime in a short period of time—suggested a lack of respect for the law. This discussion, though succinct, demonstrates a meaningful exercise of discretion. Although we might disagree, it was not unreasonable for the judge to conclude that Pantazelos's repeated driving offenses should not be taken lightly. *Cf. United States v. Turner*, 604 F.3d 381, 391 (7th Cir. 2010).

Pantazelos faults the judge for his "bare bones" treatment of his argument for a downward variance, but we disagree with that characterization of the record. As we have noted, the judge specifically addressed Pantazelos's argument about his driving record and adequately explained why he was rejecting it.

The judge also appropriately weighed the § 3553(a) factors—focusing especially on the number of victims, the amount of loss, and the abuse of trust involved in Pantazelos's scheme—and considered Pantazelos's other arguments in mitigation. Pantazelos's within-guidelines sentence is presumed reasonable on appeal. *Rita v. United States*, 551 U.S. 338, 352 (2007); *United States v. Boroczk*, 705 F.3d 616, 723 (7th Cir. 2013). He has not overcome that presumption.

AFFIRMED.